# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Destiny Heard,

      Plaintiff,

v.

Detroit Public Schools Community District a/k/a
Detroit Public Schools, and Charles Braziel,

      Defendants.

U.S. District Court
Case No. 19-cv-10865
Hon:

Wayne County Circuit Court
No.18-000848-NZ
Hon: Sheila Ann Gibson

| | |
|---|---|
| Michael S. Cafferty (P36613)<br>Attorney for Plaintiff<br>333 West Fort Street<br>Ste. 1400<br>Detroit, MI. 48226<br>(313) 964-3070 | Detroit Public Schools Community District<br>Office of the General Counsel<br>Theophilus E. Clemons (P47991)<br>Rebecca Shaw-Hicks (P 40732)<br>Attorney for Defendants<br>Detroit Public Schools Community District<br>and Charles Braziel<br>3011 West Grand Blvd., Ste. 1002<br>Detroit, MI. 48202<br>(313) 873-4527<br>theophilus.clemons@detroitk12.org |

## NOTICE OF REMOVAL BY DEFENDANTS
## DETROIT PUBLIC SCHOOLS COMMUNITY DISTRICT AND
## CHARLES BRAZIEL

NOW COME Defendants DETROIT PUBLIC SCHOOLS

COMMUNITY DISTRICT (DPSCD), and CHARLES BRAZIEL by and

through their undersigned counsel, and hereby give notice of removal of the above-captioned action to the United States District Court for the Eastern District of Michigan, and in support state as follows:

1.  A civil action has been commenced and is pending in the Wayne County Circuit Court, Case No. 19-000848-NZ wherein Destiny Heard is the Plaintiff, and the Detroit Public Schools Community District (DPSCD) and Charles Braziel are the only Defendants.

2.  The above described civil action alleges a claim over which the United States District Courts have original jurisdiction pursuant to 28 USC § 1331.  Plaintiff claims damages arising from Defendants' alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution, through 42 USC 1983.

3.  Plaintiff also brings state law tort claims which arise out of the same transaction or occurrence as her federal claims. The state law claims are also related to her federal claims such that they form part of the same case or controversy and are, therefore, within the supplemental jurisdiction of this Court pursuant to 28 USC § 1367.

4.  Removal jurisdiction exists pursuant to 28 USC § § 1331 and 1441 (a) and (b).

2

5.    This Notice of Removal is timely filed pursuant to 23 USC § 1446

(b) because it is filed within 30 days after receipt by Defendant DPSCD

of service of a copy of Plaintiff's Complaint and Demand for Trial by

Jury in this matter.

6.    Pursuant to 28 USC § 1446 (d), Defendant DPSCD has provided

written notice of the filing of this Notice of Removal to Plaintiff's

counsel and has filed and served a copy of the Notice of Removal with

the Clerk of the Wayne County Circuit Court, and on Plaintiff's counsel.

7.  A copy of Plaintiff's Complaint, together with all process served upon

these Defendants are attached hereto (Summons and Complaint).

WHEREFORE, Defendants DETROIT PUBLIC SCHOOLS

COMMUNITY DISTRICT and CHARLES BRAZIEL give notice of the

removal to the U.S. District Court for the Eastern District of Michigan.

Respectfully submitted,

/s/Theophilus E. Clemons
THEOPHILUS E. CLEMONS (P47991)
Attorney for Defendants
Detroit Public Schools
Community District
Office of the General Counsel
3011 W. Grand Blvd., Ste. 1002
Detroit, MI 48202
(313) 873-4527
theophilus.clemons@detroitk12.org
3

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 25, 2019, he served a copy of the foregoing Notice of Removal by Defendants Detroit Public Schools Community District and Charles Braziel, with Exhibit 1, and this Proof of Service upon Plaintiff's counsel via U.S. Mail First Class at the address listed on Plaintiff's Complaint.

s/Theophilus E. Clemons
THEOPHILUS E. CLEMONS (P 47991)

Original - Court    2nd Copy - Plaintiff
1st Copy - Defendant    3rd Copy - Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>19-000848-NZ<br>Hon. Sheila Ann Gibson |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226        Court telephone no.: 313-224-5207

| Plaintiff's name(s), address(es), and telephone no(s)<br><br>HEARD, DESTINY | v | Defendant's name(s), address(es), and telephone no(s).<br><br>DETROIT PUBLIC SCHOOLS COMMUNITY<br>DISTRICT a/k/a DETROIT PUBLIC SCHOOLS |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Michael S. Cafferty 36613<br>333 W Fort St Ste 1400<br>Detroit, MI 48226-3149 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>1/18/2019 | Expiration date*<br>4/19/2019 | Court clerk<br>Tashia Marshall |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01 (8/18)**     **SUMMONS**                MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



Approved, SCAO

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>19-000848-NZ<br>Hon.Sheila Ann Gibson |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                    Court telephone no.: 313-224-5207

| Plaintiff's name(s), address(es), and telephone no(s)<br><br>HEARD, DESTINY | v | Defendant's name(s), address(es), and telephone no(s).<br><br>BRAZIEL, CHARLES |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no

Michael S. Cafferty 36613
333 W Fort St Ste 1400
Detroit, MI 48226-3149

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or  family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint.

## Civil Case
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____      **RECEIVED**

The action ☐ remains  ☐ is no longer pending.                                                          MAR 0 4 2018

Summons section completed by court clerk.     | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons  and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>1/18/2019 | Expiration date*<br>4/19/2019 | Court clerk<br>Tashia Marshall |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18)      **SUMMONS**                                    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DESTINY HEARD,

Plaintiff,

vs.

Case No. 2019                    NZ

DETROIT PUBLIC SCHOOLS
COMMUNITY DISTRICT a/k/a
DETROIT PUBLIC SCHOOLS and
CHARLES BRAZIEL,
Jointly & Severally,

Defendants.

MICHAEL S. CAFFERTY P36613                                              /
Attorney for Plaintiff
333 West Fort Street, Ste 1400
Detroit, MI 48226
(313) 964-3070

                                                                        /

## **COMPLAINT**

There is no other pending or resolved civil action arising out of the
transaction or occurrence alleged in the Complaint.

/s/Michael S. Cafferty
MICHAEL S. CAFFERTY  P36613
Attorney for Plaintiff

Now comes the Plaintiff, through counsel, and for his Complaint

against the Defendants states as follows:

1. That Plaintiff is a resident of the County of Wayne, State of

Michigan.

2. That Detroit Public Schools Community District a/k/a Detroit Public Schools ("DPS") is a public school district located within the County of Wayne, State of Michigan.

3. That Defendant Charles Braziel is a resident of the County of Wayne, State of Michigan.

4. That the incident giving rise to this action took place within the County of Wayne, State of Michigan, thus making venue proper in this Court pursuant to the Revised Judicature Act, as amended.

5. That the amount in controversy in this action exceeds $25,000.00 (exclusive of court costs and attorney fees), thus making venue proper in this case as required by the Revised Judicature Act, as amended.

## BACKGROUND FACTS

6. Destiny Heard is currently an 18-year-old woman. She will turn 19 years of age on February 8, 2019.

7. That this action arose when Destiny Heard was a 15-year-old minor.

8. That this action involves brutality against Plaintiff Destiny Heard on the part of the Defendant Braziel that occurred at Cass Technical High School ("Cass Tech") on December 9, 2015.

9. That on the date of the incident, Plaintiff Destiny Heard was 15-years-old.

10.   That Defendant Charles Braziel, at the time of the incident, was a duly authorized and/or deputized police officer working for Defendant DPS acting under color of law; in other words, Defendant Braziel was a "state actor" as that phrase is used in 42 USC § 1983.

11.   That on December 9, 2015, Plaintiff was involved in a dispute with a Cass Tech teacher involving an elevator pass.

12.   That Defendant Braziel, acting within the scope of his employment with Defendant DPS and in accordance with the customs, policies, or procedures (formal or informal) authorized by DPS, came into contact with the Plaintiff following the dispute involving the elevator pass and used excessive and unwarranted force against the Plaintiff Destiny Heard and caused her to be falsely arrested and maliciously prosecuted for a crime she did not commit. At all times the conduct of Defendant Braziel was intentionally violative of Plaintiff's right to safety and well-being or, at a minimum, demonstrated a substantial lack of concern for whether Plaintiff would be injured. As such, Defendant Braziel is not entitled to immunity per MCL 691.1407 on Plaintiff's state law claims.

13.   That the incident involved, among other things, Defendant

Braziel, who was a large, strong man, manhandling the Plaintiff, a 15-year-old girl, including grabbing or shoving her by the neck, shoving her into a solid wall (causing her to hit her head), kicking her, spraying pepper spray in her eyes and nostrils, and otherwise using unreasonable, unnecessary and excessive force.

14.   That when Defendant Braziel first came into contact with the minor Plaintiff, she advised him that she was going to call her mother on her cell phone regarding the dispute, at which time the Defendant reached for her phone and grabbed her arm, manhandling her.

15.   That the minor Plaintiff did not feel safe given the aggressive manor demonstrated by Defendant Braziel and wanted to contact her mother. Defendant Braziel refused to allow the minor Plaintiff to contact her parent. Thereafter, Defendant Braziel used violent force on the Plaintiff, bringing her to the floor.

16.   That while on the floor, the Plaintiff told Defendant Braziel that she wanted to have an ambulance called for her and he refused that request and instead continued to act in an extremely aggressive manor, yelling at her and ordering her to get up.

17.   Defendant Braziel thereafter violently grabbed the Plaintiff by

the arm and dragged her from the stairway area by the main office to near the book store where he slammed her against a concrete/tile wall, causing her to hit her head and fall to the floor.

18.    That once the minor Plaintiff was on the floor again, Defendant Braziel violently screamed at her, telling her to get up, and the Plaintiff, who was greatly traumatized both emotionally and physically, again insisted that she wanted an ambulance called for her.

19.    That the Plaintiff did not feel safe in the presence of Defendant Braziel given his aggressive and violent actions and wanted an ambulance called as a result of the physical and emotional injuries she suffered in the attack.

20.    Rather than heed the minor Plaintiff's request for medical attention, Defendant Braziel continued to aggressively scream at the Plaintiff and manhandle her.

21.    That at one point during the attack, the Plaintiff stated that she wanted to walk to the office with a female private security officer who was on the scene, but Defendant Braziel refused that request, stating, in essence, that he would be the one to deal with Plaintiff.

22.    Thereafter, Defendant Braziel attacked the Plaintiff again,

Grabbing her and spraying her with pepper spray in her eyes and nostrils while she was on the ground, violently manhandling and kicking her.

23.   That the incident or portions of it were recorded by a security camera and viewed by DPS officials.

24.   That DPS officials opined that Defendant Braziel was acting pursuant to official policies and procedures of DPS. DPS officials went so far as to even excuse the videotape showing "Officer Braziel kicking Destiny Heard", explaining it as, in essence, an involuntary response to "a temporary discomfort to his leg."

25.   That because Defendant Braziel was acting in accordance with customs or policies of the DPS in his interaction with the Plaintiff, he was not subject to any discipline by the DPS, even after the security tape was reviewed.

26.   That as a direct and proximate result of the above described wrongful conduct on the part of Defendants, the Plaintiff suffered and is likely to continue to suffer damages and injuries, including but not limited to extreme pain and suffering, mental and emotional trauma, physical injuries, and other damages.

27.   That following the incident, Defendant Braziel, with the

assistance of other DPS officials, prepared false or misleading reports causing the Plaintiff not only to be suspended from school (and facing expulsion), but also to be charged with a crime (disorderly conduct) in the Wayne County Juvenile Court.

28.    That the fabricated criminal charges against the Plaintiff, which were intended to cover up the abhorrent conduct of the Defendants, were ultimately dismissed by a judge/referee of the Wayne County Circuit Court, Juvenile Division.

## COUNT I – VIOLATION OF 42 USC § 1983
## (EXCESSIVE FORCE, UNLAWFUL SEARCH AND SEIZURE, AND MALICIOUS PROSECUTION)(BOTH DEFENDANTS)

29.    Plaintiff incorporates by reference as though fully set forth herein each of the foregoing paragraphs of this Complaint.

30.    That the actions of the Defendants constitute excessive force and violation of the 4th and 14th Amendments to the United States Constitution, actionable under 42 USC § 1983. Additionally, the wrongful arrest/seizure of the Plaintiff, and her subsequent wrongful prosecution, were in violation of the 4th and 14th Amendments to the United States Constitution, actionable under 42 USC § 1983.

31.    That the Defendants, at all pertinent times, were under a legal

obligation, secured by the United States Constitution, in particular the 4th and 14th Amendments, to refrain from unlawfully seizing or arresting the Plaintiff without probable cause to believe that the Plaintiff committed a crime and without an arrest warrant, absent exigent circumstances. Further, these Defendants were under a legal duty to refrain from making false statements or material omissions of important facts and a request for an arrest warrant or criminal charge, which would be relied upon by the Prosecutor's Office and/or Magistrate Judge in making probable cause determinations for a subsequent arrest and/or criminal charge following the incident.

32.   That the Defendants violated the Plaintiff's Constitutionally protected rights, including her right to liberty protected by the due process clause of the 14th Amendment to the United States Constitution, as well as the right to be free from unlawful arrest or detention without probable cause and the right to be free from excessive force, as guaranteed by the 4th and 14th Amendments, including, but not limited to the following violations:

a. Wrongfully grabbing, touching and/or seizing the Plaintiff's person without probable cause and without a warrant on December 9, 2015;

b. Subjecting the Plaintiff to unreasonable and excessive force on December 9, 2015;

c. Maliciously or wrongfully prosecuting the Plaintiff by setting in motion criminal charges against the Plaintiff as a result of deliberately false or misleading statements and/or material omissions of facts in their police reports in order to manufacture probable cause, which was lacking; the Defendants further made, influenced or participated in the decision to prosecute the Plaintiff; there was a lack of probable cause for the Prosecution; as a result of the Prosecution, Plaintiff suffered a deprivation of liberty; and the Plaintiff was exonerated of the charges resulting from the false and malicious prosecution;

d. Such other related Constitutional violations as will be fleshed out through the discovery process.

33. The Constitutional rights of the Plaintiff violated by the Defendants, as set forth above, were clearly established on or before the date of the incident.

34. That the Defendant DPS is liable for the unconstitutional

actions of its agent/employee Defendant Braziel, because, at all pertinent times, Defendant Braziel was acting pursuant to official or unofficial policy of the DPS; the DPS failed to supervise him appropriately regarding his unconstitutional conduct; the DPS failed to adequately train and/or supervise Defendant Braziel; the DPS failed to control or discipline its officers, including Defendant Braziel; and the unconstitutional actions and/or customs or policies of the DPS were, at a minimum, a moving force in the violations of Plaintiff's Constitutional rights.

35.   That as a direct and proximate cause of Defendants' violations of Plaintiff's constitutional rights, Plaintiff has and will continue to suffer damages, as previously stated.

36.   That the Defendants' actions were intentional, malicious, and/or undertaken with reckless disregard for Plaintiff's federally protected rights, thus entitling Plaintiff to a separate award of punitive damages.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a Judgment in her favor against Defendants, Jointly & Severally awarding her such damages as constitute full and fair compensation for her injuries/damages (past, present and future) together with costs, interest and attorney fees where permitted by court rule, statute or common law,

including 42 USC § 1988, along with a separate award of punitive damages in an amount to be determined by the finder of fact.

## COUNT II – COMMON LAW - ASSAULT AND BATTERY (AGAINST DEFENDANT BRAZIEL)

37.    Plaintiff incorporates by reference as though fully set forth herein each of the foregoing paragraphs of this Complaint.

38.    That during the incident on December 9, 2015, Defendant Braziel repeatedly threatened the Plaintiff with physical harm.

39.    That the threats were made to the Plaintiff under circumstances that created in her a well-founded fear of imminent harm or peril.

40.    That Defendant Braziel had an apparent ability to carry-out the threats if not presented.

41.    That as a direct and proximate result of the Defendant's assault of the Plaintiff, the Plaintiff suffered damages as previously set forth in this Complaint.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a Judgment in her favor against Defendant Braziel, awarding her such damages as constitute full and fair compensation for her injuries/damages (past, present and future) together with costs, interest and attorney fees where permitted by court rule, statute or common law.

## COUNT III – COMMON LAW – BATTERY
### (AGAINST DEFENDANT BRAZIEL)

42.  Plaintiff incorporates by reference as though fully set forth herein each of the foregoing paragraphs of this Complaint.

43.  That on December 9, 2015, Defendant Braziel made repeated unconsented physical contact with the Plaintiff, including manhandling her, shoving her into a wall, kicking her, and pepper-spraying her.

44.  That the actions of Defendant Braziel constitute common law battery under Michigan law.

45.  That as a direct and proximate result of the battery of the Plaintiff, the Plaintiff has suffered and will continue to suffer damages as previously alleged.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a Judgment in her favor against Defendant Braziel, awarding her such damages as constitute full and fair compensation for her injuries/damages (past, present and future) together with costs, interest and attorney fees where permitted by court rule, statute or common law.

## COUNT IV – COMMON LAW – MALICIOUS PROSECUTION
### (AGAINST DEFENDANT BRAZIEL)

46.  Plaintiff incorporates by reference as though fully set forth herein each of the foregoing paragraphs of this Complaint.

47.     That Defendant Braziel initiated criminal charges against the Plaintiff.

48.     That Plaintiff was exonerated of the criminal charges.

49.     That the criminal charges initiated by Defendant Braziel were initiated without probable cause.

50.     That the prosecution was initiated or continued by Defendant Braziel with malice; that is, it was not pursued with the intention of bringing the Plaintiff to justice for having committed a crime, but rather was brought for other motives, including, but not limited to covering up wrongful conduct on the part of Defendant Braziel.

51.     That as a direct and proximate result of the malicious prosecution of the Plaintiff, the Plaintiff has suffered and continues to suffer damages as previously alleged.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a Judgment in her favor against Defendant Braziel, awarding her such damages as constitute full and fair compensation for her injuries/damages (past, present and future) together with costs, interest and attorney fees where permitted by court rule, statute or common law.

## COUNT V – COMMON LAW FALSE ARREST
## (AGAINST DEFENDANT BRAZIEL)

52.     Plaintiff incorporates by reference as though fully set forth

herein each of the foregoing paragraphs of this Complaint.

53.    That Defendant Braziel deprived Plaintiff of her liberty and freedom of movement by physically seizing her.

54.    That Defendant Braziel's conduct in physically seizing the Plaintiff's person and depriving her of her liberty and freedom of movement was undertaken with the intention to arrest the Plaintiff.

55.    That the Plaintiff understood that she had been arrested.

56.    That the Defendant Braziel had neither probable cause nor an arrest warrant to seize the Plaintiff's person.

57.    That in addition to himself seizing the Plaintiff's person, Defendant Braziel also instructed others, including subordinate security personnel, to physically arrest or seize the Plaintiff.

58.    That the conduct of Defendant Braziel constitutes common law false arrest.

59.    That as a direct and proximate result of Defendant Braziel's false arrest of the Plaintiff, the Plaintiff has suffered and will continue to suffer damages as previously alleged.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a Judgment in her favor against Defendant Braziel, awarding her such damages as constitute full and fair compensation for her

injuries/damages (past, present and future) together with costs, interest and attorney fees where permitted by court rule, statute or common law.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AGAINST DEFENDANT BRAZIEL)

60.    Plaintiff incorporates by reference as though fully set forth herein each of the foregoing paragraphs of this Complaint.

61.    That Defendant Braziel intentionally engaged in outrageous conduct vis-à-vis the Plaintiff that should not be tolerated in a civilized society.

62.    That it was foreseeable to Defendant Braziel that his conduct could cause a 15-year-old child to suffer severe or extreme emotional distress/trauma.

63.    That Defendant Braziel, through his conduct, intentionally caused the Plaintiff to suffer severe and extreme emotional distress/trauma (with physical manifestations) or, alternatively, he acted with reckless disregard for whether his conduct would cause Plaintiff to suffer severe or extreme emotional distress/trauma.

64.    That as a direct and proximate result of Defendant's tortious conduct, Plaintiff has suffered and will continue to suffer damages as previously alleged.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter a Judgment in her favor against Defendant Braziel, awarding her such damages as constitute full and fair compensation for her injuries/damages (past, present and future) together with costs, interest and attorney fees where permitted by court rule, statute or common law.

Respectfully submitted,

/s/Michael S. Cafferty
MICHAEL S. CAFFERTY
Attorney for Plaintiff
333 West Fort St Ste 1400
Detroit, MI 48226
313-964-3070
mcaffe@aol.com

DATED:  January 18, 2019